UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISpine, PLLC,

    Plaintiff,

v.                                                              Case No. 19-12562

Enterprise Leasing Company,                      Sean F. Cox
                                                          United States District Court Judge

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

A medical provider has sued an insurance company to recover No-Fault benefits assigned to it by one of its patients. The insurer has moved for summary judgment, arguing that the provider cannot recover benefits because (1) the patient did not "incur" any cost for her medical services, and (2) the provider cannot show that its rates were reasonable.

For the reasons below, the Court will deny this motion for summary judgment.

## BACKGROUND

On September 9, 2017, Joyce Robinson injured her back and neck in a car accident. (ECF No. 16-2). On April 27, 2018, Dr. Stefan Pribil, of ISpine, PLLC, performed a discectomy on Robinson. (ECF No. 16-4). On the day of her surgery, Robinson assigned her right to receive benefits from her auto insurer, Enterprise Leasing Company, to ISpine. (ECF No. 16-5). ISpine billed Enterprise $87,9200 for Robinson's procedure. (ECF No. 16-6). Enterprise never paid this claim.

1

On April 18, 2019, ISpine filed this lawsuit against Enterprise in Oakland County Circuit Court. (ECF No. 1-2). On August 30, 2019, Enterprise removed this case to this Court based on the parties' diversity of citizenship. (ECF No. 1).

ISpine's Complaint contains two counts. The first count seeks recovery of personal injury protection ("PIP") benefits under Michigan's no-fault auto insurance scheme, M.C.L.A. § 500.3101, et. seq. ("the No-Fault Act"). (ECF No. 1-2, PageID 13-14). The second count is for "breach of contractual and/or statutory duties." (ECF No. 1-2, PageID 15).

The parties engaged in two months of discovery. On February 24, 2020, Enterprise filed a motion for summary judgment, arguing that ISpine cannot establish two essential elements of its claims. (ECF No. 12). First, Enterprise argues that ISpine cannot show that Robinson incurred a cost for its services because she was never billed, and because the No-Fault Act's one-year-back rule prevents ISpine from recovering from her now. Second, Enterprise argues that ISpine cannot establish that its rates are reasonable because Dr. Pribil (the witness who would testify at trial regarding ISpine's rates) "has no knowledge of how those rates were set and no documentation to support its claims."

In response, ISpine argues that the benefits it seeks were incurred by Robinson and that the one-year-back rule has been satisfied. ISpine also argues that there is sufficient evidence for a jury to find that the charges are reasonable.

## ANALYSIS

Summary judgment will be granted if there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). There is no genuine issue of material fact if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."

*Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party bears the burden to show that there is no genuine issue of material fact, but this burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case. *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005); *see also Daniels v. Woodside*, 396 F.3d 730, 735 (6th Cir. 2005) ("Entry of summary judgment is appropriate against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial.") (citations omitted).

Once the moving party has carried its burden, the nonmoving party must set forth specific facts, supported by evidence in the record, that show there is a genuine issue for trial. *Matsushita*, 475 U.S. at 586. "The mere existence of a scintilla of evidence in support of the [non-moving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.  The Court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).

Because the Court's jurisdiction in this case is based on the parties' diversity of citizenship, the Court applies Michigan state law and the Michigan Supreme Court is the controlling authority. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).  If the Michigan Supreme Court has not decided an issue, then the Court "must ascertain the state law from all relevant data." *Orchard Grp., Inc., v. Konica Med. Corp.*, 135 F.3d 421, 427 (6th Cir. 1998) (citations omitted).  "Relevant data includes state appellate court decisions, supreme court dicta, restatements of law, law review commentaries, and majority rule among other states." *Id.*  When considering these sources, the Court will not disregard a state intermediate appellate court's opinion "unless it is convinced by

other persuasive data that the highest court of the state would decide otherwise." *Garden City Osteopathic Hosp., v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995) (citations omitted).

Enterprise's motion raises two issues: (1) whether Robinson incurred a cost for ISpine's services; and (2) whether there is sufficient evidence for a jury to conclude that ISpine's fees were reasonable.

### I. Whether Robinson Incurred A Cost

Michigan's No-Fault Act "provides a system of mandatory no-fault automobile insurance, which requires Michigan drivers to purchase personal protection insurance." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, ("AAOP") 257 Mich. App. 365, 373, 670 N.W.2d 569, 575 (2003), *aff'd*, 472 Mich. 91, 693 N.W.2d 358 (2005) (citing M.C.L. § 500.3101 *et seq.*). "Under personal protection insurance, an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle." M.C.L. § 500.3105(1).

For an insurer to be liable to pay benefits, those benefits must have first been incurred by the insured. *See Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 50, 457 N.W.2d 637, 645 (1990) (outlining the standard requirements for recovery of No-Fault benefits). The Michigan Court of Appeals has defined "incur" as "to become liable for," and further noted that "liable" means "responsible or answerable in law; legally obligated." *Bombalski v. Auto Club Ins. Ass'n*, 247 Mich.App. 536, 542, 637 N.W.2d 251, 254 (2001).

Enterprise's argument appears to be that Robinson did not incur any costs because (1) she assigned her right to collect to ISpine; (2) ISpine never collects from its patients; and (3) under the

4

No-Fault Act's one-year-back rule, Robinson is no longer legally obligated to pay for the charges stemming from her April 27, 2018 surgery. These arguments are meritless.

To begin, the assignment to ISpine makes it clear that Robinson remained personally liable for any amount of her charges that her insurer did not pay:

> The undersigned patient and/or responsible party, hereby acknowledges personal responsibility and liability for all the medical services which are provided by iSpine, PLLC. This personal obligation is not affected by any obligation of insurance companies to pay health care costs. If an insurance company pays, the payment(s) shall be credited to your account. If no insurance payment is received, you are completely responsible to pay for all medical treatments. In addition to continuing personal responsibility, and in consideration of treatment rendered for to be rendered, the undersigned hereby assigns to the physician or facility named above the following rights, power, and authority.

(ECF No. 16-5, PageID 262). Thus, there is every indication that Robinson incurred the cost of her medical services and was legally obligated to pay ISpine.

Enterprise's reliance on Dr. Pribil's testimony regarding his billing practices does not change this conclusion. During his deposition, Dr. Pribil testified that he "submit[s] bills to attorneys. . . [and] automobile carriers," and that he only "accept[s] payment from cash or auto insurance." Pribil Dep. 77:7-20 (ECF No. 12-3, PageID 115). Just because Dr. Pribil does not generally bill his patients directly (and instead bills their insurers) does not mean that Robinson has not "incurred" a charge, as that term has been interpreted by Michigan courts. Under the plain language of the Assignment, Robinson incurred this charge. ISpine's preference for who it bills first is irrelevant.

Further, Enterprise's reference to the one-year-back rule is unpersuasive. The one-year-back rule limits the No-Fault benefits that may be recovered in court to those benefits that were incurred during the one-year period immediately before the date that the action was filed. M.C.L.A.

5

§ 500.3145(2) ("However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."); *see generally Joseph v. Auto Club Ins., Ass'n*, 491 Mich. 200, 208-09, 815 N.W.2d 412, 416-17. Enterprise argues that the one-year-back rule currently prevents ISpine from recovering the costs of the April 27, 2018 surgery, and therefore she no longer has incurred a cost because ISpine cannot sue her to collect.

Enterprise's characterization of the one-year-back rule is not supported by the text of that statute. The "date on which the action was commenced" is the appropriate deadline for measuring the applicability of the one-year-back rule, not anytime during the pendency of the action. ISpine filed this action on April 18, 2019 to recover benefits assigned to it for a surgery that was performed less than a year earlier. While ISpine may not be able to file a collections suit against Robinson *today*, that does not mean that this timely lawsuit against Enterprise is barred. Thus, the Court concludes that the one-year-back rule has been satisfied.

Moreover, the opinions cited by Enterprise for the proposition that "[a]bsent the present ability to legally pursue payment from the insured, the bills were not 'incurred'" are clearly distinguishable from this case. Robinson is not a Canadian citizen who received free healthcare from her government. *See Duckworth v. Continental Nat. Indem. Co.*, 268 Mich.App. 129, 706 N.W.2d 215 (2005). Nor has one of Robinson's other insurers paid for any portion of the costs billed. *See Bombalski,* 247 Mich.App. 536, 637 N.W.2d 251. And Robinson's bills have not been discharged in bankruptcy. *James ex rel. James v. AAA Ins. Co.*, 2009 WL 2244535 (Mich. Ct. App. July 28, 2009); *VHS of Michigan, Inc. v. State Farm Mutual Automobile Insurance Company*, 2017 WL 4700017 (Mich. Ct. App. Oct. 19, 2017).

6

Enterprise also cites *McGill v. Auto Ass'n of Mich.*, 207 Mich.App. 402, 526 N.W.2d 12 (1994), but that case is also clearly distinguishable. There, the No-Fault insurers for a group of injured motorists did not pay the full bills submitted by medical providers. Fearing that the medical providers could sue them for the difference, the motorists preemptively sued the insurer to compel complete payment. The Michigan Court of Appeals affirmed the dismissal of the motorist's lawsuit, primarily because there was no indication that the motorists had been sued or were going to be sued and therefore there was "no evidence that plaintiffs have suffered injury as a result of the defendants' partial payment of their medical bills [or that] is any injury [is] threatened." *Id*. at 407. Enterprise cites *McGill* for the proposition that "where there is no evidence that a provider is pursuing the injured party for its charges, that person has not incurred a cost as the term is used in MCL 500.3107 and summary disposition is proper as to those charges." (ECF No. 12, PageID 81). But *McGill* represents only a run-of-the-mill standing issue; it makes no mention of what it means for a cost to be "incurred."

For these reasons, Enterprise's argument that Robinson has not "incurred" a medical expense is meritless.

## II.     Reasonable Fees

The No-Fault Act provides that personal protection insurance benefits are payable by a no-fault insurer for "[a]llowable expenses consisting of all *reasonable* charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery, or rehabilitation..." M.C.L. § 500.3107(1). (emphasis added).  The Act also details what the medical provider can charge:

> A physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for an accidental bodily injury covered by personal

7

>protection insurance, and a person or institution providing rehabilitative occupational training following the injury, may charge a *reasonable* amount for the products, services, and accommodations rendered. The charge shall not exceed the amount the person or institution customarily charges for like products, services, and accommodations in cases not involving insurance.

M.C.L.A. 500.3157 (emphasis added).

In other words, the No-Fault Act does not require insurers to pay the entire amount of a medical provider's bill. *AAOP*, 257 Mich.App at 577, 670 N.W.2d 569. Rather, the Act only requires that insurers pay the amount of the bill that is reasonable. *AAOP*, 257 Mich.App at 575, 670 N.W.2d 569. ("both the amount chargeable to the patient and the amount that an insurer must pay to the health-care provider is limited, by statute, to a reasonable amount.") (internal citations omitted)

"The reasonableness of the charge is an explicit and necessary element of a claimant's recovery against an insurer, and, accordingly, the burden of proof on this issue lies with the plaintiff." *Id.*; *See also Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 49, 457 N.W.2d 637, 645 (1990) ("In addition, the burden of proof on [the issues of reasonableness and necessity] lies with plaintiff."). "[T]he question of whether expenses are reasonable. . . is generally one of fact for the jury. . . " *Nasser*, 435 Mich. at 55.

Here, Enterprise argues that ISpine has "utterly failed to present any admissible evidence that its charges are reasonable." In response, ISpine asserts that "Dr. Pribil has provided sworn testimony that his charges are based, in part, on input from a certified biller and coder whom he contracted with to provide medical billing services upon setting up his Michigan practice. Dr. Pribil also based the charges on his 40 years' experience as a neurosurgeon." (ECF No. 16, PageID 250).

8

During his deposition, Dr. Pribil testified that, when he opened his practice, he "consulted . . . and used a biller. . . . [S]he advised us of what the market charges were and that's where we tried to stay." Pribil Dep. 59:1-9. For example, this biller "identified. . . what fusion surgeries typically cost and we stayed on the average or below of what the fees are for fusion surgeries." *Id*. at 61:6-12.

Viewing Dr. Pribil's testimony in the light most favorable to ISpine, and considering that the question of whether a charge is reasonable is generally a question of fact for the jury, *Nasser,* 435 Mich. at 49, the Court concludes that there is a genuine issue of material fact as to whether ISpine's charges were reasonable. A jury will need to resolve this issue.

## CONCLUSION

For the reasons above, the Court **DENIES** Enterprise's Motion for Summary Judgment.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  June 22, 2020